WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-05786-001-TUC-RM (MAA) |
| Plaintiff, | **ORDER** |
| v. | |
| Manuel Marcelo Ramon-Munoz, | |
| Defendant. | |

Pending before the Court is the Government's Appeal from Magistrate Judge's Release Order (Docs. 7, 10), to which Defendant responded in opposition (Doc. 9). For the following reasons, the Court will deny the Government's request to overturn the Magistrate Judge's release order.

**I.   Background**

Defendant Manual Marcelo Ramon-Munoz is charged with Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Doc. 1.) The Complaint alleges that during a routine inspection at the Mariposa Port of Entry, United States Customs and Border Protection officers discovered over 35 kilograms of methamphetamine concealed in Defendant's vehicle. (*Id.*) Following his arrest, Defendant waived his *Miranda* rights and admitted to being aware of the narcotics and transporting them for payment. (*Id.*)

Pretrial Services submitted a report recommending Defendant be released pending trial. (Doc. 2.) At a detention hearing on August 12, 2024, Magistrate Judge Aguilera ordered Defendant released on his own recognizance. (Doc. 6.)

The Government then filed a Notice informing the Court of its intent to appeal Magistrate Judge Aguilera's Release Order. (Doc. 7.)[1] Defendant responded in opposition (Doc. 9), and the Government filed its Motion for Review of Magistrate Judge's Release Order and Response to Defendant's Response (Doc. 10). The Court held oral argument on the Motion on September 10, 2024. (Doc. 15.)

## II.     Applicable Law

A district court's review of a Magistrate Judge's detention or release order is *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). The Bail Reform Act instructs that the Court shall order defendants released pretrial except under certain circumstances. 18 U.S.C. § 3142(b). If the Court determines under § 3142(c) that an unsecured bond is not sufficient to secure a defendant's appearance, the Court shall order a defendant released subject to "the least restrictive further conditions" that will "reasonably assure" his appearance in court and the safety of the community. 18 § 3142(c)(1). In making an individualized detention determination, courts consider four factors: (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the history and characteristics of the person, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to the community that would be posed by the person's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986). The Government bears the burden of demonstrating by a preponderance of the evidence that no conditions of release would reasonably assure Defendant's appearance. *United States v. Motamedi*, 767 F.2d 1403, 1406-07 (9th Cir. 1985).

## III.    Analysis

The Government argues that Magistrate Judge Aguilera's release order should be overturned because Defendant poses a significant flight risk arising from the severity of his charges, which carry a maximum penalty of 20 years, and Defendant's strong family ties in

---

[1] The Notice, which did not contain individualized argument, requested that this Court stay the Magistrate's release order until it "has an opportunity to review the pleadings filed by the government and any response by the defendant." (Doc. 7 at 1.) As discussed below, the Court will deny the Government's request to revoke the release order on the merits.

Mexico. (Doc. 10.) Defendant contends that his long-term U.S. residency, stable employment, lack of criminal history, separation from his wife in Mexico, and strong community ties ensure his appearance in court and support his release. (Doc. 9.)

Having considered the factors under 18 U.S.C. § 3142(g), the Court finds that the conditions set by Magistrate Judge Aguilera are sufficient to reasonably assure Defendant's appearance and the safety of the community. The Government is correct that the charge in this case, which involves a significant quantity of methamphetamine, is serious. However, seriousness alone does not necessitate detention. Furthermore, while the Government's evidence includes Defendant's post-*Miranda* admission, the weight of evidence is the least significant factor in determining release. *Motamedi*, 767 F.2d at 1408. Notably, the following facts and circumstances support upholding the Magistrate Judge's Release Order: Defendant is a legal permanent resident who has lived in Rio Rico, Arizona, with his mother, stepfather, sister, and brother-in-law since 2006 (Doc. 2); he operates a local business (*id.*); and, though he has family in Mexico, his longstanding community ties and separation from his wife in Mexico reduce the risk of flight. Finally, the Government has not demonstrated that Defendant's release would endanger the community. Defendant has no history of failing to appear or drug use, and his minimal criminal history consists of 12-year-old misdemeanors that will not receive criminal history points. (*Id.*) Based on the foregoing, the Government has not met its burden of demonstrating by a preponderance of the evidence that no conditions of release would reasonably assure Defendant's appearance. Accordingly, the Government's Appeal is denied.

**IT IS ORDERED** that the Government's Appeal from Magistrate Judge's Release Order (Docs. 7, 10) is **denied**.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that Defendant shall be **released** pursuant to the conditions imposed by Magistrate Judge Aguilera.

Dated this 15th day of November, 2024.

_____
Honorable Rosemary Márquez
United States District Judge